24CA1610 Peo v Garcia-Cerda 01-29-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1610
Weld County District Court No. 18CR917
Honorable Allison J. Esser, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Leroy Garcia-Cerda, Jr.,

Defendant-Appellant.

---

ORDER AFFIRMED IN PART
AND VACATED IN PART

Division III
Opinion by JUDGE MOULTRIE
Dunn and Bernard*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 29, 2026

---

Philip J. Weiser, Attorney General, Jillian J. Price, Deputy Attorney General, Denver, Colorado, for Plaintiff-Appellee

Christopher Gehring, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Defendant, Leroy Garcia-Cerda, Jr., appeals the postconviction court's order denying his motion for postconviction relief.  We affirm the order in part and vacate it in part.

## I.     Background

¶ 2     As a result of a jury trial and a plea agreement, Garcia-Cerda was convicted of two counts of first degree assault, one count of second degree assault, three counts of possession of a controlled substance, one count of carrying a concealed weapon, three counts of possession of a weapon by previous offender, one count of violation of a protection order, one count of violation of bail bond conditions, one count of resisting arrest, and a special offender count.  The district court adjudicated Garcia-Cerda a habitual criminal.

¶ 3     At the sentencing hearing, defense counsel argued that a lengthy habitual criminal sentence would be unconstitutionally disproportionate to the severity of Garcia-Cerda's crimes.  Before imposing sentence, the court stated that it had conducted a proportionality review of the habitual criminal sentences and found that the sentences weren't grossly disproportionate.  The court sentenced Garcia-Cerda to an aggregate term of 128 years in

prison. A division of this court affirmed the judgment of conviction. *See People v. Garcia-Cerda, Jr.*, (Colo. App. No. 19CA2069, Feb. 17, 2022) (not published pursuant to C.A.R. 35(e)).

¶ 4 Garcia-Cerda later filed three pro se motions: (1) a motion to appoint alternate defense counsel (ADC) to assist him in seeking postconviction relief based on ineffective assistance of the public defender; (2) a motion for loan of the court record to assist him in filing a postconviction motion to raise ineffective assistance claims; and (3) a Crim. P. 35(b) motion for reduction of sentence.

¶ 5 The postconviction court liberally construed these pro se motions as substantively raising a Crim. P. 35(b) request for sentence reconsideration and Crim. P. 35(c) ineffective assistance of counsel claims. But, despite finding that Garcia-Cerda's assertions "[we]re insufficient . . . to determine whether there are facts that, if true, would entitle him to relief under 35(c)," the court appointed ADC to represent Garcia-Cerda. *See* Crim. P. 35(c)(3)(IV) ("If the motion and the files and record of the case show to the satisfaction of the court that the defendant [isn't] entitled to relief, the court shall enter written findings of fact and conclusions of law in denying the motion."); *People v. Segura*, 2024 CO 70, ¶¶ 4, 7 (Only

if "*at least one claim* has arguable merit . . . must [the court] grant the request for postconviction counsel and forward *a complete copy* of the [Crim. P. 35(c)] motion to the prosecution and the [public defender].").

¶ 6 ADC then filed a supplemental motion, which expanded on Garcia-Cerda's Crim. P. 35(b) request for sentence reconsideration and added a request for a proportionality review of his sentences. In an August 2023 order, the postconviction court denied "[a]ny claim pursuant to 35(c)" and instructed the prosecution to respond to Garcia-Cerda's requests for Crim. P. 35(b) relief and a proportionality review. After receiving the prosecution's response, the court set the matter for a hearing on those issues.

¶ 7 At the hearing, the prosecutor argued, among other things, that Garcia-Cerda wasn't entitled to a postconviction proportionality review because he had already received a proportionality review at his sentencing hearing. The postconviction court took the matter under advisement and, in a July 2024 order, found that, because he received a proportionality review at sentencing, Garcia-Cerda wasn't entitled to a postconviction proportionality review. The court

also found that his sentences were appropriate and that Garcia-Cerda was therefore not entitled to Crim. P. 35(b) relief.[1]

## II. Analysis

¶ 8    Garcia-Cerda first contends that the postconviction court erred by preemptively denying his Crim. P. 35(c) claims in its August 2023 order. Specifically, he argues that his pro se motions only indicated an intent to assert, but didn't actually raise, Crim. P. 35(c) ineffective assistance claims. Garcia-Cerda asserts that he will be prejudiced by the court's action because any future Crim. P. 35(c) claim would be subject to the successiveness procedural bar. *See* Crim. P. 35(c)(3)(VI), (VII).

¶ 9    We conclude that the postconviction court erred by ruling on any purported Crim. P. 35(c) claims that weren't before it.

¶ 10    In its August 2023 order, the court found that neither Garcia-Cerda's pro se motions nor ADC's supplemental motion contained any allegations of ineffective assistance of counsel. Thus, in the absence of such allegations, there wasn't a claim on which the court was required to rule. Accordingly, we vacate the portion of

---

[1] Garcia-Cerda doesn't challenge the court's denial of his Crim. P. 35(b) request for sentence reconsideration.

the postconviction court's August 2023 order that denied any pro se Crim. P. 35(c) claim that was not properly at issue.

¶ 11    Garcia-Cerda next argues that, in its July 2024 order, the postconviction court erred by finding that he was not entitled to a proportionality review.  We disagree.

¶ 12    As an initial matter, we reject Garcia-Cerda's assertion that his postconviction proportionality review request is cognizable under Crim. P. 35(a).  A postconviction request for a proportionality review is cognizable as a constitutional challenge to a sentence under Crim. P. 35(c).[2] *People v. Crawley*, 2024 COA 49, ¶ 7.  A court must deny a Crim. P. 35(c) claim that was, or could have been, raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant.  Crim. P. 35(c)(3)(VI), (VII).

¶ 13    Here, because Garcia-Cerda requested, and the district court conducted, a proportionality review at the sentencing hearing, and

---

[2] In its August 2023 order, the postconviction court denied "[a]ny claim pursuant to 35(c)" but then proceeded to address Garcia-Cerda's request for a proportionality review.  It's unclear whether the court thought the request was cognizable under Crim. P. 35(b) or another Rule.

because he could have, but didn't, seek review of that decision on direct appeal, we conclude that the postconviction court was required to deny the claim as successive.[3]  *See People v. McDonald*, 2023 COA 23, ¶¶ 8, 24 (a postconviction request for a proportionality review is subject to Crim. P. 35(c)'s procedural bars), *aff'd*, 2024 CO 75, ¶ 34; *see also People v. Hamm*, 2019 COA 90, ¶ 23 ("[W]e will affirm a district court's denial of a Rule 35 motion on any ground supported by the record, even if the district court did not consider or contemplate that ground.").

¶ 14    To the extent Garcia-Cerda asserts that he is entitled to a proportionality review based on the new standard set forth in *Wells-Yates v. People*, 2019 CO 90M, because that case doesn't apply retroactively, *McDonald*, 2024 CO 75, ¶¶ 1, 34-35, we aren't persuaded.  *See* § 18-1-410(1)(f)(I)-(II), C.R.S. 2025 (A defendant may not seek postconviction review based on a claim "[t]hat there has been significant change in the law, applied to the applicant's

---

[3] Garcia-Cerda also argues against the application of collateral estoppel and the law of the case doctrine.  Because the successiveness procedural bar applies, we need not address these additional arguments.  *See People v. Sanders*, 2023 CO 62, ¶ 19 (declining to address an issue that was unnecessary to the resolution of the appeal).

conviction or sentence, allowing in the interests of justice retroactive application of the changed legal standard" if, "prior to filing for relief pursuant to this paragraph (f), . . . a judgment of conviction has been affirmed upon appeal."). We therefore affirm the portion of the postconviction court's July 2024 order that denied Garcia-Cerda's request for a proportionality review of his sentence.

## III. Disposition

¶ 15    The order is affirmed in part and vacated in part.

JUDGE DUNN and JUDGE BERNARD concur.